48 F.3d 562
 310 U.S.App.D.C. 386
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Alphonso LUCAS, Appellant.
 No. 92-3137.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 25, 1995.
 
 Before: BUCKLEY, RANDOLPH, and TATEL, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on appeal from the United States District Court for the District of Columbia and was briefed and argued by counsel. The issues have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir.Rule 36(b). Accordingly, it is
 
 
 2
 ORDERED AND ADJUDGED by the court that appellant's convictions are affirmed. The district court did not clearly err in finding that Lucas did not have standing to challenge the admissibility of evidence obtained as a result of an allegedly illegal search of the apartment in which he was found. United States v. Patrick, 959 F.2d 991, 996 n. 6 (D.C.Cir.1992). Lucas had the burden of proving that he had a legitimate expectation of privacy in the apartment. Rawlings v. Kentucky, 448 U.S. 98, 104 (1980); Rakas v. Illinois, 439 U.S. 128, 143 (1978). As an initial matter, Lucas had to prove that he was legitimately in the apartment at the time the police executed the search warrant. See Rakas, 439 U.S. at 142, 143 n. 12. He failed to produce sufficient testimony to that effect. The record shows that sometimes Lucas was allowed into the apartment, and sometimes he was not. The district court therefore reasonably concluded that Lucas failed to meet his burden of proving that he was legitimately on the premises on the day of the search.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.